A jury was waived, and appellant was tried before the county judge of Nacogdoches county upon an agreed statement of facts which is brought forward. The law which appellant is claimed to have transgressed is section 5, c. 282, Acts 42d Leg. (Vernon's Ann. Tex. P. C. art. 827a, § 5). The law will be found copied in the opinion in Holyfield v. State (Tex. Cr. App.) 63 S.W.(2d) 386, and it is not thought necessary to again set it out here.

We have not been favored with a brief from appellant; hence are not advised of his exact contention. The statement of facts shows that appellant was hauling sawlogs from the point of origin along highway No. 35 to his sawmill in Nacogdoches. It appears to have been the state's contention that the station of Appleby on the H. E. & W. T. Railroad was a practicable common carrier receiving point and nearer to the point of origin than the destination point, and therefore the exemption of the overload found in section 5, Acts 41st Leg. (1929) 2nd Called Sess., c. 42, as amended by Acts 42d Leg. (1931) c. 282, § 7 (Vernon's Ann. Tex. P. C. art. 827a, § 5 (b), had no application under the facts of the present case. It was apparently appellant's contention that, because it would cost more to haul from the point of origin to Appleby, there unload, reload, and ship by rail to point of destination than to haul directly from origin to destination, he was not amenable to the law forbidding the overloading of his motor vehicle.

As we understand the facts, the case of Holyfield v. State, supra, is directly in point, and sustains the present conviction.

The judgment is affirmed.

## Henry SWINDLE v. STATE.
### No. 16992.

Court of Criminal Appeals of Texas.

June 27, 1934.

Ramey A. Smith, of Sulphur Springs, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

Upon the written request of appellant, duly verified by his affidavit, the appeal is dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## Tom TERRY v. STATE.
### No. 16935.

Court of Criminal Appeals of Texas.

June 13, 1934.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is robbery; penalty assessed at confinement in the penitentiary for five years.

There are three counts in the indictment. The verdict is based upon the first count. The indictment is regular and regularly presented.

The evidence heard in the trial court is not brought up for review. A comprehensive charge was given to the jury. No matters are presented which would enable this court to determine but that the result of the trial was properly founded upon adequate evidence. The learned trial judge who heard the evidence approved the verdict and overruled the motion for new trial.

There are no bills of exception complaining of any particular ruling during the conduct of the trial.

The motion for new trial presents nothing which, in the absence of a statement of facts, requires discussion in this opinion.

The judgment is affirmed.